### Minerva Holding Corporation v. Tenants' Council of the Bernard Court Apartments

*Norman P. Zarwin,* for plaintiffs.

*Peter L. Gale,* for defendants.

BOLGER, J., June 7, 1972.—The above-captioned matters were all consolidated. They consist of: (1) an action by the Minerva Holding Corporation to recover rents held in escrow under the Rent Withholding Act of January 24, 1966, P. L. (1965) 1534, as amended, 35 PS §1700-1; (2) exceptions by the Tenants' Council of the Bernard Court Apartments from the action of the Board of Licenses and Inspection Review affirming the action of the Department of Licenses and Inspections in lifting an "unfit for human habitation" designation against the Bernard Court Apartments; and (3) a complaint in mandamus to require the Department of Licenses and Inspections to produce all of its inspection records pertaining to the property in question and to make a thorough and complete inspection of the said premises.

The Department of Licenses and Inspections of the City of Philadelphia on February 4, 1971, after an inspection of the property, issued an unfit for habitation notice against the property 5015 Spruce Street, such notice setting forth violations of the city's Housing Code.

The tenants paid their rent to an escrow agent, the Philadelphia Urban League, which, in turn, deposited the funds in the Berean Savings and Loan Association.

During the period February 4, 1971, to July 28, 1971, the Minerva Holding Corporation expended more than $25,000 in correcting the defects noted by the Department of Licenses and Inspections so that on July 28, 1971, the latter department, after a reinspection of the property in accordance with standards developed by the department in a stipulation approved by Hon. Joseph Sloane in Philadelphia Council of Property Owners v. City of Philadelphia, C. P., August term, 1968, no. 1152 and C.P. September term, 1968, no. 1971, declared the premises fit for habitation. The Tenants' Council of the Bernard Court Apartments appealed the decision to the Board of Licenses and Inspection Review which, after several hearings, and the taking of extensive testimony, affirmed the action of the Department of Licenses and Inspections. On January 10, 1972, the Tenants' Council filed exceptions to the board's order.

Two questions are presented in these consolidated cases:

1. Did the Board of Licenses and Inspection Review abuse its discretion in affirming the decision of the Department of Licenses and Inspections?

2. Is the owner of the property entitled to the termination of the escrow and the receipt of all rentals?

A careful analysis of the record before the board of

review shows clearly that that body made a comprehensive study of the problem before it, hearing testimony on three separate occasions and going carefully into the history of the case and particularly the inspection and reinspection of the premises. The board of review concluded that the owner of the property had made every effort to comply with the orders on the "unfit" notice as well as making additional repairs of violations not listed. In upholding the Department of Licenses and Inspections' action in designating the property "fit," the board found that the expertise depended upon to make such designation was the same expertise used to find the property "unfit" in the first instance.

At the hearings before the board of review, the Tenants' Council attempted to introduce evidence including unauthenticated photographs of alleged violations and demands for changes in terms of the various leases which had not been made part of the original violation of unfitness. These alleged violations and demands were not matters properly before the board and to give consideration to them would have initiated a never ending conflict between tenants and landlord for the reason that upon each corrective action being taken, Tenants' Council could initiate a new series of demands and this, I think, was improper and the board correctly took no action thereon. Testimony produced by the landlord, which was no doubt accepted by the Department of Licenses and Inspections and the review board, indicated that repairs and improvements undertaken and completed by the landlord were many more than those constituting the items in the original complaint.

In matters of this kind, certain principles are well settled. It is to be presumed that municipal officers properly act for the public good and courts will not

sit in review of municipal actions involving discretion in the absence of proof of fraud, collusion, bad faith or arbitrary action equating an abuse of discretion. A court will not inquire into the wisdom of municipal action and judicial discretion should not be substituted for administrative discretion: Weber, Appellant v. Philadelphia, 437 Pa. 179; Goodman Appeal, 425 Pa. 23.

There is nothing in the record of this case that indicates any such abuse of discretion which would require a deviation from the above-enunciated principles and accordingly, I dismiss the exceptions to the decision of the board of review and direct that the Philadelphia Urban League, escrow agent, and the Bureau Savings & Loan Association, depository of the escrow fund, remit to plaintiff, Minerva Holding Corporation, all funds held in escrow representing rentals from the tenants of the Bernard Court Apartments.

Irrespective of the foregoing, it would appear that plaintiff, Minerva Holding Corporation is entitled to relief by virtue of that part of the Rent Withholding Act which provides:

". . . except that any funds deposited in escrow may be used, for the purpose of making such dwelling fit for human habitation and for the payment of utility services for which the landlord is obligated but which he refuses or is unable to pay."

Here, the landlord has paid, in repairs and renovation, expenses more than is in the escrow account. In addition, the mortgagee has entered a confession of judgment against the landlord in the amount of $50,653.10; city taxes of about $12,000 remain unpaid and as the Solicitor of the City of Philadelphia has contended, the owner has more than substantially complied with the orders of the Department of Licenses and Inspections. With this I agree and find

that the owner is entitled to recover the amount in escrow by reason of the above-quoted exception of section 1700-1 of the statute.

In view of the foregoing, the mandamus action becomes moot.